**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BEN MROZ, III | : | |
| 107 Sir Bradford Road | : | |
| Pocono Lake, PA 18347 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.: _____ |
| | : | |
| v. | : | |
| | : | |
| WORKFORCE SOFTWARE, LLC | : | **JURY TRIAL DEMANDED** |
| 38705 Seven Mile Road | : | |
| Livonia, MI 48152 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Ben Mroz, III (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Workforce Software, LLC ("Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq*.), and the Pennsylvania Human Relations Act ("PHRA").[1]  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. Plaintiff's claims were dual filed with the PHRC, but those under the PHRA will not administratively exhaust until they have been pending for 1-year. Plaintiff is required to file the instant lawsuit in advance, as he has been issued his right-to-sue letter from the EEOC. Plaintiff intends to amend his complaint to include PHRA claims once those claims are administratively exhausted.
.

redress for violations of federal laws. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where they are subjected to personal jurisdiction, rendering Defendant resident of the Middle District of Pennsylvania.

5.      Plaintiff is proceeding herein after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

### PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult male individual, with an address as set forth in the caption.

8.      Workforce Software, LLC is a multinational workforce management solutions company offering services to multiple industries across the United States of America, including Pennsylvania, with a global headquarters at the address set forth in the caption.

9. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a homosexual adult male.

12. Plaintiff is also a practicing Christian.

13. On or about April 11, 2022, Plaintiff was hired by Defendant as a Senior Consultant and worked remotely at his home in Pennsylvania at the above-captioned address.

14. Throughout Plaintiff's employment with Defendant, he was a hard-working employee who performed his job well as evidenced by the fact that he was not subject to any performance-based corrective action.

15. At all relevant times during his employment with Defendant, he was primarily supervised by Tracey Laduc ("Laduc"), Project Director, and Tom Trombley ("Trombley") Practice Manager, and generally supervised by Torsten Behrens ("Behrens") Director, and Hope Bartgis ("Bartgis") Vice President of Global Services.

16. Upon information and belief, Laduc, Trombley, Behrens, and Bartgis are not homosexual and do not share the same religious beliefs Plaintiff holds.

17. Defendant's management was aware of Plaintiff's sexuality and religious beliefs as he informed Laduc of the same in or about November 2022.

18. Specifically, during a business trip to a client of Defendant, Plaintiff informed Laduc he was homosexual and a church-going Christian after Laduc insensitively referred to things

3

she disliked as "being gay," and negatively reacted to Plaintiff informing her that he attends church as a Christian.

19.    Moreover, Plaintiff complained to Laduc that he found her comments offensive and discriminatory and that he wanted them to cease. Rather than apologize, Laduc largely dismissed his concerns and justified her comments claiming she came from "a family of bigots" and that her experiences with religious people is that they are "very judgmental."

20.    Subsequently, Laduc continued to subject Plaintiff to sexually offensive comments, including continuing to refer to things as "gay." Moreover, she began disparately nit-picking his performance in a manner she did not previously do prior to him disclosing his sexuality and religious beliefs.[2]

21.    In addition, Laduc repeatedly questioned Plaintiff about his religious beliefs, presumably based on her interest in how it aligns with Plaintiff's sexuality.

---

[2] "[I]t is impossible to discriminate against a person for being homosexual without discriminating against that individual based on sex." *Bostock v. Clayton County*, Nos. 17-1618, 17-1623 and 18-107, 2020 U.S. LEXIS 3252, at *36 (2020) ("An employer who fires an individual for being homosexual or fires that person for traits or actions it would not have questioned in members of a different sex. Sex plays a necessary and undisguisable role in the decision; exactly what Title VII forbids."). Moreover, "[b]y holding that Title VII protected a woman who failed to conform to social expectations concerning how a woman should look and behave, the Supreme Court established that Title VII's reference to "sex" encompasses both the biological differences between men and women, and gender discrimination, that is, discrimination based on a failure to conform to stereotypical gender norms." *Smith v. Salem,* 378 F.3d 566, 574-75 (6th Cir. 2004) (citing *Price Waterhouse v. Hopkins*, 490 U.S. at 228, 251 (1989)); *see also Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1068 (9th Cir. 2002) (en banc) (Pregerson, J., concurring) (noting Ninth Circuit previously found that "same-sex gender stereotyping" of a male gay employee by his male co-workers constituted actionable harassment under Title VII; *Bibby v. Philadelphia Coca Cola Bottling Co.*, 260 F.3d 257, 262-63 (3d Cir. 2001) (stating plaintiff may be able to prove claim of sex discrimination by showing "harasser's conduct was motivated by a belief that the victim did not conform to the stereotypes of his or her gender"); *Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 874-75 (9th Cir. 2001) (holding harassment "based upon the perception that [the plaintiff] is effeminate" is discrimination because of sex, in violation of Title VII), *overruling DeSantis v. Pac. Tel. & Tel. Co., Inc.*, 608 F.2d 327 (9th Cir. 1979); *Doe v. Belleville*, 119 F.3d 563, 580-81 (7th Cir. 1997).

4

22.    For the approximate last month of Plaintiff's employment with Defendant, Plaintiff outwardly displayed discomfort each time Laduc questioned his sexuality and religious beliefs and found her conduct sexually offensive and deplorable.

23.    Following his repeated complaints directly to Laduc, Plaintiff complained of the same to Trombley to finally stop Laduc's discriminatory conduct. Similarly to Laduc's response, Trombley largely ignored Plaintiff's complaints and did nothing to stop the harassing behavior.

24.    Rather, he advised Laduc about Plaintiff's complaints, who responded with increased hostility towards Plaintiff after telling him that she was aware of his complaints to Trombley.

25.    Since Plaintiff's legitimate and serious complaints to both Laduc and Trombley did nothing to cease Defendant's discriminatory conduct, Plaintiff escalated his concerns in early-December 2022 to Carol Duman ("Duman"), Defendant's Human Resources ("HR") Manager. In a one-on-one conversation with Duman, Plaintiff advised her of Laduc's continuing sexual harassment and discriminatory comments, how he complained previously yet nothing was done, and how he wanted the discriminatory conduct to cease but feared he would receive discipline from Defendant for simply complaining.

26.    Duman told Plaintiff he would not be disciplined for complaining, and that they would have further discussions to remedy his complaints on or about Friday, December 9, 2022.

27.    But instead, on or about Thursday, December 8, 2022, Duman and Behrens met with Plaintiff and responded to Plaintiff's federally protected complaints in retaliatory fashion by abruptly terminating his employment. During the meeting, when Plaintiff asked why he was being terminated, Duman and Behrens stated that Defendant's management did not trust him and that "the trust had been lost."

5

28.    Subsequently, Defendant changed their purported rationale for terminating Plaintiff, alleging it was due to him violating Defendant's conflict of interest policy since he had a second job during his employment with Defendant.

29.    However, these claims are not true and completely pretextual because: (1) Plaintiff never violated Defendant's policies as his second job did not interfere with his employment at Defendant, was not in competition with Defendant whatsoever, and both Laduc and Trombley were aware of Plaintiff's second job; (2) Plaintiff was terminated without warning and without being subjected to any form of corrective action; and (3) Plaintiff was terminated almost immediately following his protected complaints of sex and religious discrimination.

30.    Plaintiff therefore believes and avers that he was terminated because of his sexual orientation, religion, and/or in retaliation for complaining of sexual harassment and religious discrimination while being subjected to a hostile work environment by Defendant.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1[Religious Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**

31.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.    During Plaintiff's employment with Defendant, he was subjected to discrimination and a hostile work environment through disparate treatment, pretextual admonishment, and demeaning and/or derogatory treatment because of his religious beliefs.

33.    Plaintiff complained to Defendant's management, including but not limited to Laduc, Trombley and Duman, that he was being subjected to religious discrimination by Laduc and that he wanted it to cease.

34.    Instead of investigating Plaintiff's aforesaid complaints of and/or objections to religious discrimination, Defendant's management instead ignored them and terminated his employment.

35.    Plaintiff believes and therefore avers that his religious beliefs and/or because he complained of religious discrimination was a motivating/determinative factor in Defendant's termination of Plaintiff.

36.    These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Title VII.

**COUNT II**
**Violations of Title VII of the Civil Rights of 1964 ("Title VII")**
**([1] Gender Discrimination/Sexual Harassment; [2] Retaliation; and [3] Hostile Work Environment)**

37.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.    Plaintiff was subjected to severe and pervasive sexual comments and gestures on a repeated basis by Laduc, such that he was subjected to a hostile work environment.

39.    Plaintiff complained to Defendant's management, including but not limited to Laduc, Trombley and Duman, that he was being subjected to sex discrimination and harassment by Laduc and that he wanted it to cease.

40.    Instead of investigating Plaintiff's aforesaid complaints of and/or objections to sex discrimination, Defendant's management instead ignored them and terminated his employment.

41.    Plaintiff believes and therefore avers that his sexuality and/or because he complained of sex discrimination was a motivating/determinative factor in Defendant's termination of Plaintiff.

42.     These actions as aforesaid constitute unlawful sexual discrimination, retaliation, and a hostile work environment under Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded punitive and/or liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.     Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Date: May 23, 2023

9